**CHRISTENSEN JAMES & MARTIN, CHTD.**
Kevin B. Christensen, Esq. (175)
Wesley J. Smith, Esq. (11871)
Kevin B. Archibald, Esq. (13817)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
kbc@cjmlv.com, wes@cjmlv.com, kba@cjmlv.com,
*Attorneys for Plaintiffs Board of Trustees of the
Painters & Floorcoverers Joint Committee, et al.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PAINTERS AND FLOORCOVERERS JOINT COMMITTEE; BOARD OF TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST; BOARD OF TRUSTEES OF THE PAINTERS, GLAZIERS AND FLOORCOVERERS JOINT APPRENTICESHIP AND JOURNEYMAN TRAINING TRUST; BOARD OF TRUSTEES OF THE PAINTERS, GLAZIERS AND FLOORCOVERERS SAFETY TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA PAINTERS AND DECORATORS AND GLAZIERS LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; BOARD OF TRUSTEES OF THE SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND; PDCA/FCA INDUSTRY PROMOTION FUND; PAINTERS ORGANIZING FUND; SOUTHERN NEVADA PAINTERS AND GLAZIERS MARKET RECOVERY TRUST FUND; BOARD OF TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; BOARD OF TRUSTEES OF THE FINISHING TRADES INSTITUTE; PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION INITIATIVE; and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 16, <br><br> Plaintiffs, | CASE NO.: <br><br> **COMPLAINT** <br><br><br><br><br><br> Date:  N/A <br> Time:  N/A |

vs.

FF&E REFINISHING NV, LLC, a Nevada limited-liability company; FF&E REFINISHING, LLC, a Georgia limited-liability company; ROBERT MARIO INSENGA, an individual; ARIA RESORT & CASINO HOLDINGS, LLC, a Nevada limited-liability company; JOHN DOES I-XX, inclusive; and ROE ENTITIES I-XX, inclusive,

Defendants.

The Plaintiffs, the Board of Trustees of the Painters and Floorcoverers Joint Committee, Board of Trustees of the Employee Painters' Trust, Board of Trustees of the Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust, Board of Trustees of the Painters, Glaziers and Floorcoverers Safety Training Trust Fund, Board of Trustees of the Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust, Board of Trustees of the Southern Nevada Glaziers and Fabricators Pension Trust Fund, PDCA/FCA Industry Promotion Fund, Painters Organizing Fund, Board of Trustees of the Southern Nevada Painters and Glaziers Market Recovery Trust Fund, Board of Trustees of the International Painters and Allied Trades Industry Pension Fund, Board of Trustees of the Finishing Trades Institute, Painters and Allied Trades Labor-Management Cooperation Initiative, and International Union of Painters and Allied Trades District Council 16 (collectively the "Plaintiffs"), acting by and through their attorneys, Christensen James & Martin, Chtd., hereby complain, assert and allege as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by

-2-

ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District in which the Trusts are administered, the signatory labor organization maintains its office, where the relevant acts took place, and where the contractual obligation is to be paid.

**PARTIES**

5. The Painters and Floorcoverers Joint Committee, Employee Painters' Trust, Painters, Glaziers and Floorcoverers Joint Apprenticeship and Journeyman Training Trust, Painters, Glaziers and Floorcoverers Safety Training Trust Fund, Southern Nevada Painters and Decorators and Glaziers Labor-Management Cooperation Committee Trust, Southern Nevada Glaziers and Fabricators Pension Trust Fund, Southern Nevada Painters and Glaziers Market Recovery Trust Fund, International Painters and Allied Trades Industry Pension Fund, and Finishing Trades Institute (collectively the "Trusts") are each express trusts created pursuant to written declarations of trust ("Trust Agreements") between various unions and various employer associations.

6. The Trusts exist to provide employee benefits to participants under a "multiemployer plan," "employee benefit plan," "employee benefit pension plan," and/or "employee welfare benefit plan," as the case may be, within the meaning of ERISA, 29 U.S.C. § 1002.

-3-

7. The Board of Trustees and the individual Trustees of each of the Trusts is a "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16) and (21), with respect to collection of fringe benefit contributions, dues, and withholdings due to the Trusts and related matters.

8. The Trusts were created and now exist pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are administered in Las Vegas, Nevada.

9. The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), PDCA/FCA Industry Promotion Fund ("PIP") and Painters Organizing Fund ("POF") are each an association or fund to which the Defendants named herein are required to pay fringe benefit contributions, dues, and withholdings pursuant to the terms of the Master Agreements, as described below.

10. At all times material herein, the International Union of Painters and Allied Trades District Council 16 and its affiliated local unions, including Painters Union Local No. 159 ("Union"), have been labor organizations representing employees in the construction industry in Southern Nevada. The Union represents employees in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

11. At all times material herein through September 23, 2018, Painters Union Local No. 159 was affiliated with the International Union of Painters and Allied Trades District Council 15. Effective September 24, 2018, International Union of Painters and Allied Trades District Council 15 was dissolved and/or terminated and Painters Union Local No. 159 was merged into International Union of Painters and Allied Trades District Council 16.

12. Defendant FF&E REFINISHING NV, LLC ("FF&E Refinishing NV") was and/or is a Nevada limited-liability company.

13. FF&E REFINISHING, LLC ("FF&E Refinishing") was and/or is a Georgia limited-liability company.

14. Defendant ROBERT MARIO INSENGA ("Insenga") is an individual believed

-4-

to be residing in Georgia.

15. Defendant ARIA RESORT & CASINO HOLDINGS, LLC ("Aria") was and/or is a Nevada limited-liability company.

16. Defendants FF&E Refinishing NV and FF&E Refinishing, individually and jointly, are employers in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12).

17. FF&E Refinishing NV and FF&E Refinishing have been operated as a single enterprise, with common ownership, common management, interrelationship of operations, and centralized control of labor, and are working as a single entity, enterprise, employer and business in fact.

18. Defendant FF&E Refinishing is the primary manager, officer, director, owner, principal and/or key employee of FF&E Refinishing NV, whose employment duties required decision making regarding the operations of FF&E Refinishing NV, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Trusts for each hour of covered labor performed.

19. Defendant Insenga is the primary manager, officer, director, owner, principal and/or key employee of FF&E Refinishing NV and FF&E Refinishing, whose employment duties required decision making regarding the operations of FF&E Refinishing NV and FF&E Refinishing, procurement and negotiation of contracts, hiring/firing of work force, directing labor relations, project management, keeping corporate records and company books, managing financial affairs, payment of expenses and accounts payable, tracking employee hours, preparing and processing payroll and remitting reports, contributions and payments to the Trusts for each hour of covered labor performed.

20. FF&E Refinishing NV, FF&E Refinishing and Insenga (collectively referred to

herein as "FF&E Defendants"), individually and jointly, are the owner, co-owner, agent, partner, representative, employee and/or alter-ego of each other, or otherwise acting on behalf of each other, and in doing the things herein alleged, were acting within the course and scope of said ownership, agency, partnership or relation, with the permission and consent of each of them, and that each was working as a single entity, employer and business in fact.

21. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-XX, inclusive, and Roe Corporations I-XX, inclusive, are unknown to the Plaintiffs at this time and said Defendants are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations against Does and Roes, together with the true identities and capacities of Does and Roes, when the same have been ascertained.

**GENERAL ALLEGATIONS**

22. On January 14, 2019, FF&E Refinishing NV executed that certain Painters and Decorators Master Agreement July 1, 2015 through June 30, 2019 with the Union ("CBA"), wherein FF&E Refinishing NV agreed to be bound to the terms and provisions of the CBA and each of the Trust Agreements utilized to create the Trusts.

23. At all times material herein, FF&E Refinishing NV has been obligated by the terms of the CBA and Trust Agreements to submit written reports to the Plaintiffs on a timely basis showing the identities of employees performing work covered by the CBA and the number of hours worked by or paid to these employees. Further, FF&E Refinishing NV promised that it would properly pay to the Plaintiffs fringe benefit contributions, dues and/or withholdings on a monthly basis and at specified rates for each hour worked by or paid to the employees for covered labor performed by the CBA.

24. At all times material herein, FF&E Refinishing NV was obligated to submit said monthly reports and pay said contributions to the Plaintiffs at their administrative offices on or before the thirtieth (30th) day of the month following the month in which the covered labor was performed.

25.     As a result of the report and contribution obligations imposed therein, the Plaintiffs are intended beneficiaries of the CBA.

26.     The CBA also provides that the Trusts may undertake reasonable inquiry, including audit, of an employer's records insofar as may be necessary or appropriate to verify an employer's compliance with its obligations to the Trusts under the Master Agreement.

27.     Based on information and belief, the Union dispatched painters at the request of FF&E Refinishing NV to the Aria Property (defined below) for the purpose of performing painting labor covered by the CBA as employees of FF&E Refinishing NV, including, but not limited to, the following: Jerry A. Burkett, Christian Franco, Luis M. Guevara, Anthony J. Love, Mark Antonio Lucero, Rey D. Ponce-Orozco, Julian Santiago, David B. Santos, Jorge Saucedo, Joseph Vazquez and Jesus Vazquez-Martinez.

28.     Based on information and belief, work performed by the FF&E Refinishing NV employees on the Aria Property began in January 2019.

29.     On or around May 17, 2019, FF&E Refinishing NV reported to the Plaintiffs that its employees worked no hours of covered labor for the months of January through March 2019.

30.     Contrary to the reports submitted by FF&E Refinishing NV, its employees performed covered work during the months of January, February and March 2019 which should have been reported to the Plaintiffs and corresponding contributions, dues, and withholdings paid to the Plaintiffs.

31.     FF&E Refinishing NV has not reported any hours or paid any contributions to the Plaintiffs for any covered labor performed by its employees.

32.     Based on information and belief, FF&E Refinishing NV made deductions from its employees' wages for certain dues and organizing fund contributions but failed to submit payment of these amounts deducted to the Plaintiffs.

33.     Plaintiffs are entitled to receive payments from FF&E Refinishing NV for all covered labor performed by FF&E Refinishing NV employees, measured by the hours worked

-7-

by such employees and the contributions that should have been paid had FF&E Refinishing NV abided by the terms of the CBA and Trust Agreements.

34. Plaintiffs have made written demand to FF&E Refinishing NV for submission of the reports and contributions related to the covered labor performed by FF&E Refinishing NV's employees.

35. FF&E Refinishing NV failed to submit complete and accurate reports or any contributions to the Plaintiffs.

36. Based on the information and documents from FF&E Refinishing NV's employees, FF&E Refinishing NV owes the Plaintiffs $37,789.30 in contributions, subject to the Plaintiffs' audit of FF&E Refinishing NV's records.

37. The Plaintiffs are entitled to audit FF&E Refinishing NV's payroll and related records to determine the amounts owed by FF&E Refinishing NV and discover any other delinquencies that may be owed to the Plaintiffs. The Plaintiffs are entitled to recover fees and costs of the audit pursuant to the express terms of the CBA and Trust Agreements.

38. Corporate officers are liable personally for contributions and related damages owed to the Employee Painters' Trust:

> Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Employee Painters' Trust Amended and Restated Trust Agreement, Art. VIII, ¶ 8.

39. Whereas FF&E Refinishing and/or Insenga are the corporate officers of FF&E Refinishing NV and are responsible for payment of contributions by FF&E Refinishing NV to the Employee Painters' Trust, FF&E Refinishing and/or Insenga are individually liable for the payment of the unpaid contributions, interest on the unpaid contributions (at the rates established under the CBA or Trust Agreements, or at the legal rate, whichever is greater), liquidated damages, audit costs, reasonable attorney's fees and costs of this action, and such

other relief as the Court deems appropriate, that the Court may award to the Employee Painters' Trust.

40. Defendant Aria contracted and/or hired FF&E Refinishing NV to perform covered labor and FF&E Refinishing NV's employees did in fact perform covered labor for Aria for which FF&E Refinishing NV did not properly and completely pay contributions to the Trusts as required by the CBA and Trust Agreements.

41. Pursuant to NRS 608.150, Aria shall assume and is liable for the indebtedness for labor incurred by FF&E Refinishing NV, as described herein.

42. Defendant Aria is the owner of real property located at 3730 South Las Vegas Boulevard, Las Vegas, Nevada 89158, Assessor Parcel No. 162-20-711-008 and described as CITY CENTER AMD, PLAT BOOK 140 PAGE 40, PT LOT 1, more commonly known as the Aria Hotel and Casino ("Aria Property").

43. Defendant Aria contracted with FF&E Refinishing NV to provide painting and related work on the Aria Property.

44. On June 26, 2019, the Plaintiffs recorded an original Notice of Lien against the Aria Property as Instrument No. 20190626-0001047 ("Lien") for the work performed by FF&E Refinishing NV on the Aria Property.

45. On June 27, 2019, the Plaintiffs sent Aria a copy of the Lien by certified mail.

46. Each of the Defendants are in some manner responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiffs, and are therefore jointly and severally liable for the damages set forth herein.

47. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Corporations I-X, inclusive, are unknown to the Plaintiffs at this time and are therefore sued by fictitious names. The Plaintiffs reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

**FIRST CAUSE OF ACTION**
[Breach of Written Labor Agreement and Related Trust Agreements]
[Against FF&E Defendants]

48. The Plaintiffs herein restate and reallege the above allegations.

49. By the terms of the CBA and Trust Agreements, FF&E Refinishing NV was required to remit reports and fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs for each hour of covered labor performed by their employees.

50. FF&E Refinishing NV is contractually delinquent by failing to remit reports and pay fringe benefit contributions, benefits, dues and/or withholdings and/or other contract damages to the Plaintiffs when due.

51. FF&E Refinishing NV breached the CBA and Trust Agreements by failing to timely and properly submit reports and/or fringe benefit contributions, benefits, dues and/or withholdings to the Plaintiffs and/or by failing to pay contract damages as described herein.

52. Pursuant to the CBA and Trust Agreements, FF&E Refinishing NV agreed that in the event of any delinquency, FF&E Refinishing NV would pay, in addition to the delinquent fringe benefit contributions, benefits, dues and/or withholdings: (i) interest thereon at the rates established under the CBA, Trust Agreements, or at the legal rate, whichever is greater; (ii) liquidated damages thereon in an amount set by the CBA, Trust Agreements, or as otherwise provided or by law; and (iii) all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

53. It has been necessary for the Plaintiffs to retain legal counsel to enforce their rights under the CBA and Trust Agreements and collect any and all amounts due.

54. Pursuant to the CBA and Trust Agreements, FF&E Refinishing NV owes the Plaintiffs fringe benefit contributions, benefits, dues and/or withholdings calculated or measured by all hours of covered labor performed by their employees, plus interest at the contractual rate or legal rate, whichever is greater, on all unpaid contributions from the dates the sums were originally due to the Plaintiffs to the date of judgment, liquidated damages, reasonable attorney's fees, court costs, and auditing costs incurred by the Plaintiffs as a result

-10-

of the breaches described herein.

55. Under 29 U.S.C. § 1132(g)(2), the Plaintiffs are entitled to collect double the interest in lieu of the liquidated damages total if higher.

56. The FF&E Defendants are responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiffs, and are therefore jointly and severally liable for the damages set forth herein.

57. Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial.

## SECOND CAUSE OF ACTION
[Violation of ERISA]
[Against FF&E Defendants]

58. The Plaintiffs herein restate and reallege the above allegations.

59. By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, FF&E Refinishing NV has violated Section 515 of ERISA [29 U.S.C. § 1145]. In accordance with the terms of the CBA and Trust Agreements, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorney's fees, costs incurred in enforcing the terms of the Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

60. The contract breaches and violations of ERISA identified above harm the Plaintiffs and place at risk the Plaintiffs' ability to provide required employee benefits to their beneficiaries.

61. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Plaintiffs or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

62. The Plaintiffs are likely to prevail on the merits of their claims.

63. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3)

-11-

and other applicable law affirmatively compelling FF&E Refinishing NV to make its records available to the Plaintiffs for inspection and audit to verify compliance with its obligations under the CBA and Trust Agreements.

64. The Plaintiffs are entitled to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and other applicable law affirmatively compelling FF&E Refinishing NV to submit all monthly remittance reports and pay all contribution amounts and related damages to the Plaintiffs in compliance with their obligations under the CBA and Trust Agreements.

65. The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for the FF&E Refinishing NV's violations.

66. The FF&E Defendants are responsible for the actions, acts and omissions herein alleged and the damages caused to the Plaintiffs, and are therefore jointly and severally liable for the damages set forth herein.

### THIRD CAUSE OF ACTION
[Breach of Written Trust Agreements]
[Against FF&E Refinishing and Insenga]

67. The Plaintiffs herein restate and reallege the above allegations.

68. The CBA expressly incorporates the terms of the Trust Agreements governing the Trusts, including the Trust Agreement for the Employee Painters' Trust, and expressly binds signatory employers, including FF&E Refinishing NV, to the terms of the Trust Agreements.

69. The Trust Agreement for the Employee Painters' Trust contains an express provision imposing personal liability for unpaid contributions and related damages on the President, Treasurer, or other corporate officer of the employer responsible for payment of contributions for an employer required to make such contributions.

70. Defendants FF&E Refinishing and/or Insenga, as corporate officers of FF&E Refinishing NV responsible for payment of contributions to the Employee Painters' Trust, became personally and individually bound and liable under the Trust Agreement governing the Employee Painters' Trust for all unpaid fringe benefit contributions, accrued interest, liquidated

-12-

damages, attorney's fees, costs of suit and audit costs owed to the Employee Painters' Trust by FF&E Refinishing NV.

**FOURTH CAUSE OF ACTION**
[Breach of Fiduciary Duty]
[Against Fiduciary Defendants]

71. The Plaintiffs herein restate and reallege the above allegations.

72. Defendants FF&E Refinishing, Insenga and one or more of the Doe or Roe Defendants (collectively referred to herein as "Fiduciary Defendants") were responsible for tracking employee hours, preparing and processing payroll and remittance reports and making contributions and payments to the Plaintiffs for each hour of covered labor performed by FF&E Refinishing NV's employees.

73. Contributions that are deducted from wages are to be held in constructive trust by an employer. Wage deductions are components of the employees' compensation and do not belong to the Employer. Employers have a fiduciary duty to ensure that wage deductions are properly and timely delivered to the Plaintiffs.

74. All money deducted from employee wages became due and payable to the Plaintiffs on the date the employee's wages were paid.

75. The Fiduciary Defendants were obligated to hold any and all money deducted from employee wages in trust, segregated from FF&E Refinishing NV's general assets, and timely and accurately remit those funds to the Plaintiffs.

76. FF&E Refinishing NV, under the direction and control of the Fiduciary Defendants, made deductions from its employees' wages for certain dues and organizing fund contributions but failed to submit payment of these amounts deducted to the Plaintiffs.

77. The Fiduciary Defendants made determinations as to how funds deducted from wages and owed to the Plaintiffs were to be handled, utilized, segregated, distributed, and/or paid and exercised authority and control relating to the management or disposition of these funds.

78. The Fiduciary Defendants are fiduciaries to the Plaintiffs for the purposes of

-13-

these wage deductions.

79. The actions of the Fiduciary Defendants in failing to segregate these wage deductions from FF&E Refinishing NV's general assets and remit them to the Plaintiffs materially harmed the Plaintiffs, placed their beneficiaries at risk, and constitute a breach of their fiduciary duty.

80. The Plaintiffs are entitled to recover from the Fiduciary Defendants a sum equal to all unpaid wage deductions, plus accrued interest, liquidated damages, attorney's fees, costs of suit and audit costs, in an amount to be established by proof at trial.

**FIFTH CAUSE OF ACTION**
[Payment of Labor Indebtedness – N.R.S. § 608.150]
[Against Aria]

81. The Plaintiffs herein restate and reallege the above allegations.

82. Aria contracted with FF&E Refinishing NV to perform labor that is covered by the CBA on the Aria Property for the "erection, construction, alteration, maintenance or repair, including, without limitation, repairs made under a warranty, of any building or structure, including, without limitation, any equipment or fixtures related thereto, or other work of improvement." *See* NRS 608.150(1).

83. Aria has received the benefit of the covered labor provided by FF&E Refinishing NV's employees on the Aria Property, but FF&E Refinishing NV has not paid the proper fringe benefit contributions owed for said labor, resulting in "indebtedness for labor" owed by FF&E Refinishing NV to the Plaintiffs.

84. Pursuant to NRS 608.150, Aria, as an original contractor, is liable for the "indebtedness for labor" incurred by FF&E Refinishing NV and owed to the Plaintiffs for covered labor performed by FF&E Refinishing NV on the Aria Property, which indebtedness has not been paid to the Plaintiffs by any person.

85. FF&E Refinishing NV's indebtedness for labor includes unpaid contributions, accrued interest, liquidated damage and attorney's fees.

86. The Plaintiffs are entitled to recover from Aria a sum equal to FF&E

-14-

Refinishing NV's indebtedness for labor incurred on the Aria Property, in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
[Foreclosure of Lien – N.R.S. § 108]
[Against Aria]

87. The Plaintiffs herein restate and reallege the above allegations.

88. FF&E Refinishing NV performed work on the Aria Property, which is owned by the Aria.

89. Pursuant to Chapter 108 of NRS, the Plaintiffs recorded a Lien and delivered the Lien to Aria for unpaid delinquent fringe benefit contributions and related damages for covered labor performed on the Aria Property.

90. The Plaintiffs are entitled to foreclosure of the Lien and sale of the property charged with the Lien.

91. The net sale proceeds from the Lien should be paid to the Plaintiffs to satisfy the liabilities related to the Lien.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order compelling FF&E Refinishing NV to deliver or make available to the Plaintiffs all information and documents necessary to permit the Plaintiffs' auditors to perform payroll compliance audits deemed necessary and proper by the Plaintiffs;

2. For the Court's Order enjoining FF&E Refinishing NV from failing to fully cooperate with any audits deemed necessary and proper by the Plaintiffs, and from failing to timely pay to the Plaintiffs delinquent amounts discovered by the audits or as otherwise incurred in the normal course of business;

3. For the Court's Order compelling FF&E Refinishing NV to deliver to the Plaintiffs monthly remittance reports detailing all covered work performed by FF&E Refinishing NV employees;

4. For the Court's Order affirmatively compelling FF&E Refinishing NV to abide by the terms of the CBA and Trust Agreements, including, but not limited to, submitting and fully paying accurate monthly contribution remittance reports and contribution amounts to the Plaintiffs on a timely basis;

5. For unpaid fringe benefits contributions in amounts to be proven at trial;

6. For damages for breach of contract and violation of ERISA in an amount to be proven at trial;

7. For liquidated damages in amounts to be proven at trial;

8. For accrued interest on all unpaid contributions and damages from their due dates until paid in amounts to be proven at trial;

9. For Plaintiffs' audit costs in an amount to be proven at trial;

10. For Plaintiffs' reasonable attorneys' fees for having to bring this action to compel reporting compliance and contribution recovery with associated damages;

11. For Plaintiffs' costs of suit incurred herein;

12. For such additional relief as may be provided for by 29 U.S.C. § 1132;

13. For an Order of Foreclosure of the Aria Property to satisfy the Lien; and

14. For such additional relief as this Court may deem just and proper.

DATED this 27th day of November, 2019.

CHRISTENSEN JAMES & MARTIN, CHTD.

By: /s/ Kevin B. Archibald
Kevin B. Archibald, Esq.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Email: kba@cjmlv.com
*Attorneys for Board of Trustees
of the Painters & Floorcoverers Joint
Committee, et al.*

-16-